# EXHIBIT A

DocuSign Envelope ID: 6AF9040B-7027-40FB-9457-A59CB126QA97

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ERIN FRIES, on behalf of herself, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:16-cv-3727 |
| v. | ) ) | Judge Mary M. Rowland |
| RESIDENTIAL HOME HEALTH, LLC, and RESIDENTIAL HOME HEALTH ILLINOIS, LLC, | ) ) ) ) | Magistrate Judge Sidney I. Schenkier |
| Defendants. | ) | |

## JOINT STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION CLASS AND COLLECTIVE CLAIMS

This Joint Stipulation and Agreement to Settle Class Action Class and Collective Claims (herein "Settlement Agreement") is made and entered into by and between the Named Plaintiff ERIN FRIES ("Named Plaintiff") on behalf of herself and each member of the Settlement Class as defined below, and Defendants RESIDENTIAL HOME HEALTH, LLC and RESIDENTIAL HOME HEALTH ILLINOIS, LLC (collectively, "Defendants") (together with Named Plaintiff, the "Parties").[1]

## I.    RECITALS

1.      Named Plaintiff ERIN FRIES filed the above-captioned class and collective action lawsuit on March 28, 2016. Named Plaintiff alleged that Defendants misclassified her and other home health physical therapists, registered nurses, occupational therapists, and speech pathologists (collectively, "Clinicians") as exempt from overtime pay in violation of the Fair Labor Standards

---

[1]      By stipulation, Defendant David Curtis was dismissed from the action without prejudice on September 18, 2019.

Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105, *et seq.* Named Plaintiff sought to represent herself and similarly-situated Clinicians as a collective action under the FLSA and a class action under the IMWL and Federal Rule of Civil Procedure 23. Defendants deny each and every of Named Plaintiff's claims.

2. On August 25, 2017, the Court granted Named Plaintiff's motion for conditional certification of a collective action under the FLSA. Thereafter, 92 individuals employed in Michigan and Illinois filed opt-in consent forms to join the FLSA collective action (hereinafter, "Opt-In Plaintiffs"), each of whom affirmatively chose Stephan Zouras, LLP as their counsel and "designate[d] the Class Representative as [their] agent to make decisions on [their] behalf concerning this lawsuit, the method and manner of conducting the lawsuit, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit."

3. The Parties have conducted extensive discovery and case analysis including: (a) the exchange of Rule 26(a) disclosures; (b) the production of thousands of pages of written discovery, including voluminous production of electronically stored information ("ESI") in the form of over 1.5 million lines of data from the Homecare Homebase electronic medical record system; (c) the review of Defendants' written policies and procedures; (d) comprehensive data analysis by each Party's undisclosed expert; and (e) the investigation by counsel regarding the applicable law as applied to the facts discovered regarding the alleged claims and defenses.

4. The Parties agreed to engage in mediation early in the case, before initiating discovery and before any substantive issues were decided. On August 17, 2016, the Parties attended a full-day mediation overseen by a private mediator, Hon. Wayne R. Andersen (Ret.), but were not able to reach agreement.

DocuSign Envelope ID: 6AF9040B-7027-40FB-9457-459CB126CA97

5.      On September 3, 2019, after conditional certification and extensive discovery, the Parties attended a second full-day mediation overseen by a private mediator, Hon. Stuart A. Nudelman (Ret.). As a result, the Parties were able to settle their claims on a class and collective basis.

6.      Defendants deny any liability, wrongdoing, or legal violations of any kind related to the claims and contentions asserted in this action.  By entering into this settlement, Defendants do not admit any liability or wrongdoing, and expressly deny the same.

7.      The Parties recognize the expense, burden and risk associated with litigating this action. Accordingly, all Parties have concluded a settlement is fair and reasonable, as are the terms of this Settlement Agreement.

8.      Class Counsel represents that they have conducted a thorough investigation into the facts and have diligently pursued an investigation of the claims in this action. Based on their own investigation and evaluation, Class Counsel is of the opinion that the Settlement Agreement is fair, reasonable, and adequate, and in the best interest of the Named Plaintiff, Opt-In Plaintiffs, and Class Members in light of the facts and circumstances. For purposes of this Settlement Agreement, Class Counsel also have determined that the Settlement Agreement procedures described herein are superior to other available methods for the fair and efficient resolution of this controversy.

9.      The Parties desire to fully and finally resolve any and all disputes regarding the Named Plaintiff, Opt-In Plaintiffs and the Class Members without the expense of further litigation, and to set forth their agreement and release of claims.

10.      The Parties agree to cooperate and take all reasonable steps necessary and appropriate to obtain preliminary and final approval of the Settlement Agreement, to effectuate all aspects of the Settlement Agreement, and to dismiss this action with prejudice upon final approval

DocuSign Envelope ID: 6AF9040B-7027-40FB-9457-459CB126CA97

and entry of final judgment.

## II. SETTLEMENT TERMS

### A. DEFINITIONS

11.     "Administrative Fees" refers to the Settlement Administrator's fees arising from its administration of the settlement.

12.     "CAFA Notice" means the notice of proposed settlement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

13.     "Class Counsel" refers to: James B. Zouras and Teresa M. Becvar and Stephan Zouras, LLP, 100 N. Riverside Plaza, Suite 2150, Chicago, IL 60606.

14.     "Class Members" means a class of individuals (inclusive of the Named Plaintiff) employed by Defendants as home health Clinicians in Illinois during the period March 28, 2013 through May 3, 2015, who were classified as exempt and were allegedly not paid overtime compensation for time worked in excess of forty (40) hours in given workweeks, and who are identified on **Exhibit A** to this Settlement Agreement.

15.     "Court" means the United States District Court for the Northern District of Illinois, Eastern Division.

16.     "Defendants" means Defendants RESIDENTIAL HOME HEALTH, LLC and RESIDENTIAL HOME HEALTH ILLINOIS, LLC, and their former and present officers, directors, employees, attorneys, insurers, benefit plans, predecessors, successors, parents, assigns, and subsidiaries.

17.     "Effective Date" means the first business day after the date on which the Final Judgment becomes final. For purposes of this definition, the Final Judgment "becomes final" upon the date the Court enters final approval of the Settlement Agreement, if no objections by any of

4

DocuSign Envelope ID: 6AF9040B-7027-40FB-9457-459CB126CA97

the Class Members have been filed, or if filed have been withdrawn. In the event that the Court does not approve the Settlement Agreement and/or does not enter a Final Judgment, or in the event that entry of the Final Judgment is reversed on appeal, then there shall be no Effective Date and this Settlement Agreement shall become null and void.

18.     "Final Approval Hearing" means the hearing contemplated by the Parties, at which the Court will grant final approval of the settlement and make such other final rulings as are contemplated by the Settlement Agreement.

19.     "Final Approval Order" means the Court's order granting final approval of this Settlement Agreement on the terms provided herein or as those terms may be modified by subsequent written agreement of the Parties. The Parties shall submit a proposed Final Approval Order setting forth the terms of this Settlement Agreement, by incorporation or otherwise, for execution and entry by the Court at the time of the Final Approval Hearing or at such other time as the Court deems appropriate

20.     "Final Judgment" refers to the judgment entered by the Court in conjunction with the Final Approval Order dismissing the Lawsuit without prejudice, which shall convert to with prejudice on the date Defendants deposit the settlement funds into the Qualified Settlement Fund, as defined below. The Parties shall submit a proposed order of Final Judgment incorporating this Settlement Agreement by reference, for execution and entry by the Court at the time of the Final Approval Hearing or at such other time as the Court deems appropriate.

21.     "Lawsuit" means the above-captioned civil action.

22.     "Opt-In Plaintiffs" means the 92 individuals employed in Michigan and Illinois who filed opt-in consent forms to join the FLSA collective action before the execution of this Stipulation, and who are identified on **Exhibit B** to this Settlement Agreement.

DocuSign Envelope ID: 6AF9049B-7027-40FB-9457-A59CB126QA97

23.     "Parties" means Named Plaintiff (on behalf of herself and those whom she seeks to represent) and Defendants.

24.     "Preliminary Approval Order" refers to the Court's order pursuant to Rule 23 of the Federal Rules of Civil Procedure and Section 216(b) of the FLSA granting preliminary approval of this settlement on the terms provided herein or as those terms may be modified by subsequent mutual written agreement of the Parties.

25.     "Qualified Settlement Fund" or "QSF" means the interest-bearing escrow account with the Settlement Amount to be opened, administered and controlled by the Settlement Administrator as a "Qualified Settlement Fund" under Section 468B of the IRC and Treas. Reg. § 1.468B-1, 26 C.F.R. § 1.468B-1, et seq.

26.     "Settlement Administrator" refers to Rust Consulting, Inc., the settlement administrator selected by Class Counsel who will be responsible for mailing the Settlement Notice; receiving and logging any Opt-Out Forms; researching and updating addresses through skip-traces and similar means; reporting on the status of the administration of the settlement to the Parties; resolving any settlement payment dispute, in concert with the counsel for the Parties; preparing a declaration regarding its due diligence in the settlement administration process; providing the Parties with all necessary data; setting up, administering and making payments from the QSF; distributing settlement payments and withholding therefrom the Settlement Class's share of payroll taxes and remitting such funds to the appropriate taxing authorities, along with any associated tax reporting, return and filing requirements, and performing such additional duties as the Parties may mutually direct.

27.     "Settlement Agreement" and/or "Agreement" mean this class and collective action settlement agreement entered into between the Parties.

28. "Settlement Amount" means the payment by Defendants in the amount of $750,000.00. With the sole exception and exclusion of the employer's share of payroll taxes, the Settlement Amount will be the sole source and maximum payment by Defendants under this Settlement Agreement. The Settlement Amount shall be used to satisfy all of the following as approved by the Court: (1) all attorneys' fees and litigation costs in connection with all of Class Counsel's representation of Named Plaintiff, Opt-In Plaintiffs and the Class Members, including all attorneys' fees and costs that may arise in the future in connection with this Settlement Agreement, including, without limitation, seeking Court approval of the Settlement Agreement, and the notice process; (2) all Administrative Fees incurred by the Settlement Administrator; (3) all payments to the Opt-In Plaintiffs and Class Members; and (4) a service payment to the Named Plaintiff.

29. "Settlement Class" means the Named Plaintiff, Opt-In Plaintiffs, and Class Members.

30. "Settlement Notice" means the notice of class action settlement to be directed to the Class Members. The Settlement Notice shall be substantially in the form of **Exhibit C** attached hereto and will provide a summary of the Lawsuit, a summary of the Settlement Agreement, information on how Class Members can opt-out or object to the Settlement, and the scope of the release of claims. The Opt-In Plaintiffs will not receive the Settlement Notice and will be notified of the settlement by Class Counsel.

## B.   NO ADMISSION OF LIABILITY

31. Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed as or deemed an admission of liability, culpability, negligence or wrongdoing on the part of any Party. The Parties have entered into this Settlement Agreement with the intention

DocuSign Envelope ID: 6AF9049B-7027-40FB-9457-459CB126CA97

to avoid further disputes and litigation based on disputed facts and allegations, and to avoid the costs and risks of further litigation. This Settlement Agreement is a settlement document and shall be inadmissible in evidence in any proceeding. The preceding sentence shall not apply to an action or proceeding to approve, interpret, or enforce this Settlement Agreement.

## C.    STATUS OF PROCEEDINGS

32.    Solely for the purposes of this Settlement Agreement, Defendants stipulate that Rule 23 and final certification under FLSA Section 216(b) is appropriate. Defendants expressly reserve their right to oppose class and collective certification and oppose the merits of the Lawsuit should the Settlement Agreement not become final. For purposes of this Settlement Agreement, the Parties agree that there will be no difficulty in the management of this Settlement on a class basis.

## D.    SETTLEMENT APPROVAL PROCEDURE

33.    The Settlement Agreement requires the occurrence of all of the following events: (a) execution of the Settlement Agreement by the Parties; (b) submission of the Settlement Agreement by the Parties to the Court for preliminary approval; (c) entry of the Preliminary Approval Order by the Court granting preliminary approval of the Settlement Agreement and certification of a final FLSA collective action and Rule 23 class action for purposes of this Settlement only; (d) Court approval of the method of distribution and the form and content of the Settlement Notice; and (e) filing by Class Counsel, on or before the date of the Final Approval Hearing, of the Court-approved Settlement Administrator's declaration, in writing, that the Settlement Notice has been disseminated to the Settlement Class in accordance with the Court's order.

34.    The Settlement Agreement will become final and effective only upon the

occurrence of the following events: (a) the Court enters the Final Approval Order and Final Judgment; (b) the Effective Date occurs, and (c) any challenge to the Settlement, whether by objection or appeal, is resolved in favor of enforcement of the Settlement.

**E.      MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

35.     Within fourteen (14) calendar days of this Settlement Agreement being executed, the Parties shall file with the Court a Joint Motion for Preliminary Approval of Settlement ("Preliminary Approval Motion") to be prepared by Named Plaintiff and agreed upon by the Parties.

36.     In the Preliminary Approval Motion, the Parties shall request that the Court: (a) grant preliminary approval to the Settlement Agreement described herein; (b) certify a final FLSA collective action and Rule 23 class action for settlement purposes only; (c) approve the Settlement Notice and the proposed plan of settlement administration described herein; and (d) schedule a tentative date for a Final Approval Hearing approximately 100 calendar days after the date of preliminary approval. The Parties will file a Joint Motion for Final Approval of Settlement no later than seven (7) calendar days before the Final Approval Hearing, and Class Counsel will file a motion seeking approval of the agreed-upon award of attorneys' fees and litigation costs relating to their representation of the Settlement Class.

**F.      CAFA NOTICE**

37.     Within ten (10) calendar days following the filing of this Agreement with the Court, Defendants shall serve upon the Office of the Attorney General of the United States and the appropriate State official of each State in which any Class Member resides, as determined by the Parties' records, a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. §1715 ("CAFA").

## G.     PLAN OF SETTLEMENT ADMINISTRATION

38.     The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the Settlement Agreement.

39.     Within seven (7) calendar days after the Court grants preliminary approval of the Settlement Agreement described herein, Defendants shall provide the Settlement Administrator and Class Counsel with, as to each Opt-In Plaintiff and Class Member: 1) name; 2) last known home address; 3) social security number; and 4) last known telephone number.

40.     Class Counsel will allocate the Settlement Amount, net anticipated amounts for attorneys' fees and litigation costs, Administrative Fees, and the Service Payment to the Named Plaintiff among the Opt-In Plaintiffs and Class Members on a proportionate basis based on the estimated number of overtime hours (hours worked over 40 in a workweek) worked during the class period, subject to a minimum payment amount of $150.00. Named Plaintiff and Opt-In Plaintiffs shall receive enhanced settlement payments calculated by adding an additional 50% of their proportionate share. Class Counsel will provide to the Settlement Administrator and the Defendants the preliminary Settlement Payment allocation for each Opt-In Plaintiff and Class Member. The Settlement Notice will notify Class Members of their anticipated settlement payments.

41.     The computation of the payments to Opt-In Plaintiffs and Class Members will be based on work activity tracking data from the Homecare Homebase electronic medical record system and provided by Defendants. Defendants represent and warrant that to the best of their knowledge and belief, the data supplied is accurate, and Defendants further understand that this representation is a material term of this Settlement Agreement.

42.     Within ten (10) calendar days after receiving the above-mentioned list of Class Members, the Settlement Administrator shall send the Settlement Notice to the Class Members *via* first class U.S. Mail, postage prepaid. If any such mailing is returned as undeliverable with an indication of a more current address, the Settlement Administrator will mail the Settlement Notice to the new address. If any such mailing is returned as undeliverable without any indication of a more current address, the Settlement Administrator will undertake reasonable efforts to identify a current address and, if one is so identified, will mail the Settlement Notice to the new address.

43.     Class Members who want to participate in the Settlement do not have to take any action. Those who do not want to participate in the Settlement may opt out by following the instructions on the Settlement Notice. To be valid, the Opt-Out Form must be signed and mailed to the Settlement Administrator whose address is listed on the Settlement Notice, by the date specified in the Settlement Notice (which date shall be 60 calendar days after the initial mailing of the Settlement Notice).

44.     On a weekly basis, the Settlement Administrator must notify counsel for the Parties *via* electronic mail of all Opt-Out Forms received. The Settlement Administrator shall retain the Opt-Out Forms and the envelopes showing their postmark and permit inspection and copying of same by counsel for the Parties at their request. Opt-Out Forms shall be disregarded if they are not post-marked on or before the applicable deadline. Class Members who do not submit a timely and valid Opt-Out Form in the manner described herein shall be deemed bound by this Settlement Agreement.

45.     No person shall have any claim against Defendants, Defendants' counsel, the Named Plaintiff, Class Counsel, or the Settlement Administrator based on any claim that an Opt-Out Form was not received in a timely manner.

46.     Class Members may object to the Settlement Agreement by following the instructions on the Settlement Notice. To object to the Settlement Agreement or any terms of it, the person making the objection must be a member of the Settlement Class, must not have opted out of the Settlement Agreement, and must send to the Settlement Administrator and file with the Court a written statement of the grounds of objection, signed by the Class Member or his or her attorney, by the date specified in the Settlement Notice (which date shall be 60 calendar days after the initial mailing of the Settlement Notice). Any objection that does not meet the requirements of this paragraph shall not be considered by the Court, unless otherwise ordered by the Court. Class Members who fail to serve timely and proper written objections shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement. The Parties may file a response to any objections filed no later than seven (7) calendar days before the Final Approval Hearing.

47.     At no time shall any of the Parties or their counsel: (a) discourage any Class Member from participating in the Settlement; or (b) encourage any Class Member to object to the Settlement Agreement or opt out of the Settlement Agreement.

48.     No later than ten (10) calendar days after the opt-out and objection deadline, the Settlement Administrator shall provide the Parties' counsel with a declaration that includes a complete list of all individuals who have timely opted out of the Settlement and all Class Members who have timely objected to the Settlement (the "Administrator's Declaration").

## H.     MOTION FOR FINAL APPROVAL OF SETTLEMENT

49.     Promptly after receiving the Administrator's Declaration, the Parties shall confirm the date for the Final Approval Hearing or confer about and schedule an alternative date. At least seven (7) calendar days prior to the Final Approval Hearing, the Parties shall file with the Court:

DocuSign Envelope ID: 6AF0018B-7027-4CFB-9457-450CD136CAC7

(a) a joint motion for final approval of settlement; and (b) a copy of the Administrator's Declaration.

50.     At the Final Approval Hearing, the Parties will ask the Court to approve for finality the Settlement Agreement; to consider any objections thereto; to approve the amounts allocated for Class Counsel's fees and costs, the Administrative Fees, and the Service Payment for Named Plaintiff.  Only counsel for the Parties and Class Members who have filed timely objections to the Settlement Agreement may participate in the Hearing. Counsel for the Parties shall jointly present the Court with a proposed Final Approval Order and Final Judgment to accomplish that purpose.

51.     If the Court does not approve any material condition of this Settlement Agreement that effects a fundamental change to the terms of the settlement hereunder, the entire Settlement Agreement will be voidable and unenforceable.

## I.     SETTLEMENT AMOUNT AND PAYMENTS

52.     At least seven (7) calendar days prior to the Final Approval Hearing, Class Counsel will submit to the Court an application for: (a) an award of attorneys' fees not to exceed $285,000.00, which represents 38% of the Settlement Amount, in addition to litigation costs of $25,000.00 relating to their representation of Named Plaintiff, Opt-In Plaintiffs, and Class Members; (b) an award for Administrative Fees in an amount to be determined, but estimated not to exceed $11,000.00; and (c) for a service payment to the Named Plaintiff, not to exceed $10,000.00, as payment for her efforts on behalf of the class, including assisting Class Counsel with the prosecution of the Lawsuit (the "Service Payment"). Defendants will not oppose Class Counsel's application so long as it is consistent with the provisions of this Settlement Agreement. The amounts approved by the Court will be deducted from the Settlement Amount, and the remaining amount shall be available to distribute to the Settlement Class in accordance with this Agreement.

53.     By no later than seven (7) calendar days after the Effective Date, Defendants shall deposit the Settlement Amount into the Qualified Settlement Fund.

54.     Within twenty-eight (28) days of the Effective Date, the Settlement Administrator shall disburse the QSF as follows:

a.     <u>Payment of Class Counsel's Attorneys' Fees and Costs</u>. Attorneys' fees and litigation costs approved by the Court shall be paid in the form of wire transfer to Stephan Zouras, LLP. The Settlement Administrator shall issue Class Counsel an IRS Form 1099 (marked "Other Income") for their award of attorneys' fees and costs. Class Counsel is responsible for all federal, state and local tax liabilities that may result from the payment of such attorneys' fees and Defendants shall bear no responsibility for such tax liabilities.

b.     <u>Service Payment to Named Plaintiff</u>. The Service Payment approved by the Court shall be paid in the form of one check made payable to Named Plaintiff and sent to Class Counsel for distribution. This payment is not subject to any withholdings, and the Settlement Administrator shall issue Named Plaintiff an IRS Form 1099 (marked "Other Income"). The Named Plaintiff acknowledges the Settlement Administrator must report to the IRS (as well as state and local taxing authorities where applicable) the payment made to her under this provision. Named Plaintiff shall be solely responsible for all liabilities, assessments and penalties, if any, relating to tax payments or obligations regarding the Service Payment.

c.     <u>Payments to Opt-In Plaintiffs and Class Members</u>. The Settlement Administrator shall distribute the remainder of the QSF to the Opt-In Plaintiffs and Class Members (including the Named Plaintiff), by mailing each a check[2] in the amount calculated by Class Counsel as described in Paragraph 38 above, including reallocating all amounts initially allocated to Class Members who opted out. The payment to Named Plaintiff shall be in addition to the Service Payment provided above.

The back of the settlement checks shall state as follows: "By endorsing this check, I hereby consent to join the collective action lawsuit captioned *Fries, et al. v. Residential Home Health LLC, et al.*, Case No. 16-cv-7606, pending in the United States District Court for the Northern District of Illinois, agree to be bound by the Settlement Agreement negotiated by Parties in that case, release all claims under the FLSA as described in the notice I received, and authorize Class Counsel to file this consent to join with the Court on my behalf."

The settlement payments will be in gross amounts, subject to applicable tax withholdings as discussed below. Opt-In Plaintiffs and Class Members acknowledge that the Settlement Administrator must report to the IRS (as well as state and local taxing authorities where applicable) the payments made to them

---

[2]     Named Plaintiff's checks may be sent to Class Counsel for distribution.

under this Agreement, and that it is each Opt-In Plaintiff and Class Member's individual responsibility to make tax payments on these amounts, if applicable. Fifty percent (50%) of the payment to each individual Opt-In Plaintiff and Class Member constitutes wages, and fifty percent (50%) of the payment to each individual Opt-In Plaintiff and Class Member constitutes penalties, interest, and other non-wage recovery. The Settlement Administrator shall withhold legally required payroll taxes from the portion of the payment that constitutes wages, and shall issue an IRS Form W-2 indicating those amounts. The payment for penalties, interest, and other non-wage recovery shall be reported on IRS Form 1099. Opt-In Plaintiffs and Class Members shall be solely responsible for all other liabilities, assessments and penalties, if any, relating to tax payments or obligations regarding individual payments to them.

d.  <u>Payroll Taxes</u>. Defendants shall be solely responsible for all liabilities relating to the employer portion of payroll tax liabilities. Defendants shall pay the employer's portion of the applicable payroll tax amount, which is in addition to the Settlement Amount, to the Settlement Administrator within fourteen (14) calendar days of receiving notice from the Settlement Administrator of the employer payroll tax amount.

e.  <u>Tax Forms</u>. Named Plaintiff and Class Counsel shall provide the Settlement Administrator with completed and fully executed IRS Form W-9s.

f.  <u>Uncashed Checks</u>. Opt-In Plaintiffs and Class Members will have one hundred twenty (120) days after the mailing of their settlement checks to cash their settlement check. If any settlement check is not cashed within 120 days, any unclaimed amounts shall be returned to Defendants, as shall any unallocated amounts, within 150 days of the mailing of the settlement checks. If any settlement check is returned as undeliverable with or without any indication of a more current address, the Settlement Administrator will undertake reasonable efforts to identify a current address and, if one is so identified, will mail the check to the new address. If no new address is located, the Settlement Administrator shall notify the Parties and, if no objection is made by Class Counsel within three (3) days, return the amount of the undeliverable amount to Defendants. Any Class Member whose settlement check is not cashed by the end of the distribution period will be deemed to have waived irrevocably any right or claim to his or her payment from the Settlement, but the Settlement Agreement will nonetheless be binding upon the Class Member.

g.  <u>FLSA Consent Forms</u>. Within ten (10) days after the deadline for cashing the settlement checks, the Settlement Administrator shall provide to counsel for the Parties electronic copies of all timely cashed checks. Class Counsel will file the opt-in consents and releases contained on the negotiated settlement checks with the Court.

55.  If the Effective Date does not occur, the Court does not enter the Final Approval

DocuSign Envelope ID: 6AF0048B-7027-4CFB-9457-450CB126CAC7

Order and Final Judgment, or this Settlement Agreement is otherwise nullified pursuant to its terms, this Settlement Agreement shall be null and void, and Defendants shall have no obligations to provide the Settlement Amount to the QSF.

**J.      RELEASE**

56.      Upon entry of the Final Approval Order by the Court, the Settlement Class, including the Named Plaintiff, Opt-In Plaintiffs and the Class Members who have not validly and timely opted-out of the settlement, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to release and forever discharge all applicable claims for unpaid wages, overtime or other compensation, fees/costs, liquidated damages, penalties, and all other relief under the Illinois Minimum Wage Law, 820 ILCS § 105 *et seq*., and all other state and local wage/hour and wage payment laws and common law theories arising on or before the date of preliminary approval of the settlement against Defendants and their former and present officers, directors, employees, attorneys, insurers, benefit plans, predecessors, successors, parents, and subsidiaries (collectively, the "Released Parties"). In addition, the Named Plaintiff, Opt-In Plaintiffs and Class Members who timely negotiate their settlement checks, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to release and forever discharge all applicable claims for unpaid wages, overtime or other compensation, fees/costs, liquidated damages, penalties, and all other relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, arising on or before the date of preliminary approval of the settlement against the Released Parties.

**K.      PARTIES' AUTHORITY**

57.      Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate

DocuSign Envelope ID: 6AF0048B-7027-4CFB-9457-459CD126CAC7

action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement. The signatories represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties to its terms and conditions.

**L.     NOTICES**

58.     Unless otherwise specifically provided, all notices, demands or other communications in connection with this Settlement Agreement shall be: (1) in writing; (2) deemed given on the third business day after mailing; and (3) sent by United States registered or certified mail, return receipt requested, addressed as follows:

> To Named Plaintiff, Opt-In Plaintiffs or Class Members:
>
> > James B. Zouras or Teresa M. Becvar
> > Stephan Zouras, LLP
> > 100 N. Riverside Plaza, Suite 2150
> > Chicago, Illinois 60606
>
> To Defendants:
>
> > Noah A Finkel, Kyle A. Petersen, or Kevin A. Fritz
> > Seyfarth Shaw LLP
> > 233 S. Wacker Dr., Suite 8000
> > Chicago, Illinois 60606

**M.     COURT RETAINS JURISDICTION TO ENFORCE AGREEMENT**

59.     The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreement, to the extent permitted by law, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement until all payments and obligations contemplated by the Settlement have been fully carried out. This retention of jurisdiction encompasses any disagreement among the Parties concerning the final forms of the Settlement Notice or other documents necessary to implement this Agreement, and

all other disputes regarding the Agreement and its implementation. Any action to enforce this Agreement shall be commenced and maintained in this Court.

## N.  MISCELLANEOUS

60.  Neither this Settlement Agreement, nor any document referred to herein, nor any action taken to carry out this Settlement Agreement, is, or may be construed as, or may be used as an admission, concession or indication by or against Defendants of any fault, wrongdoing, or liability whatsoever.

61.  The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any claims, causes of actions, demands, rights, and liabilities of every nature and description released under this Settlement Agreement.

62.  Provided that the Final Approval Order and Final Judgment are consistent with the terms and conditions of this Settlement Agreement in all material respects, the Named Plaintiff, Opt-In Plaintiffs, Class Members, and Defendants all hereby waive any and all rights to appeal from the Final Approval Order and Final Judgment, including all rights to any post-judgment proceedings, such as a motion to vacate or set-aside judgment, a motion for a new trial, and any extraordinary writ, and the Final Approval Order and Final Judgment will become final and non-appealable at the time they are entered. The waiver does not include any waiver of the right to oppose any appeal, appellate proceedings, or post-judgment proceedings.

63.  In further consideration of the promises and obligations set forth in this Agreement, the Parties mutually agree that the proposed settlement terms shall remain confidential and not be disclosed to the media or public until the Settlement Agreement is submitted to the Court for approval. The Named Plaintiff and her counsel agree not to publicize or contact the media about

DocuSign Envelope ID: 6AF0049B-7027-4CFB-9457-450CB136CAC7

this Agreement or disclose any information about the negotiations process, not to post the terms of the Settlement on any website or initiate contact with the media about the terms or the negotiations. If asked by the media, the Named Plaintiff and her counsel agree to state only that "The matter was amicably settled." The Named Plaintiff and her counsel agree that they will not circumvent this agreement by facilitating or encouraging any Opt-In Plaintiff or Class Member to do what they have agreed not to do. Nothing in this Paragraph shall prevent the Named Plaintiff from discussing the Settlement privately with any of the following: this Court; Class Counsel; or her attorneys, tax consultants, and significant others, including spouses and/or domestic partners.

64.     This Agreement shall be construed and enforced under the laws of the State of Illinois.

65.     The Parties agree that the terms and conditions of this Settlement Agreement are the result of intensive, arms'-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor or against any of the Parties by reason of their participation in the drafting of the Settlement Agreement.

66.     Paragraph titles and headings are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions. Each term of this Settlement Agreement is contractual and not merely a recital.

67.     This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by counsel for the Parties, and approved by the Court.

68.     This Settlement Agreement contains the entire agreement between the Parties relating to any and all matters addressed in the Settlement Agreement (including settlement of the Lawsuit), and all prior or contemporaneous agreements, understandings, representations, and

statements, whether oral or written and whether by one of the Parties or such Parties' legal counsel, with respect to such matters are extinguished. No rights hereunder may be waived or modified except in a writing signed by all Parties and approved by the Court.

69.    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

70.    This Settlement Agreement may be executed in multiple counterparts with each constituting an original.

71.    Any disputes related to this Settlement Agreement that arise prior to the entry of Final Judgment shall be decided by mediator Hon. Stuart A. Nudelman (Ret.) or by the Judge overseeing the Lawsuit, should Mr. Nudelman become unavailable.

IN WITNESS WHEREOF, the undersigned duly executed this Agreement as of the date indicated below:

**ERIN FRIES**

By: _____
        Erin Fries

Date: _____10/21/2019_____

**RESIDENTIAL HOME HEALTH, LLC** and **RESIDENTIAL HOME HEALTH ILLINOIS, LLC**

By: _____

Name: _____Larry Justice_____

Title: _____Compliance Officer and General Counsel_____

Date: _____10/24/2019_____

**Exhibit A - Illinois Class Members**

| No. | Name |
| --- | --- |
| 1 | Agnew, Lawanda |
| 2 | Alcaraz, Edward |
| 3 | Alcedo, Jennifer |
| 4 | Alfeche, Conniebelle |
| 5 | Anand, Anita |
| 6 | Atienza, Jurizon |
| 7 | Augustin, Raquel |
| 8 | Baasch, Sabine |
| 9 | Balkcom, Iiesha |
| 10 | Baloch, Amina |
| 11 | Barron, Sherwonna |
| 12 | Barros, Maureen |
| 13 | Bartlett, Kathryn |
| 14 | Bastes-Burns, Jinky |
| 15 | Baumgartner, Allison |
| 16 | Bednar, Alexandra |
| 17 | Brown, Amanda |
| 18 | Bugayong, Paolo |
| 19 | Burken, Steven |
| 20 | Calderon, Sylvia |
| 21 | Calub, Nelly |
| 22 | Cerutti, Laura |
| 23 | Challagulla, Ruchika |
| 24 | Chavira, Sabrina |
| 25 | Christakos, Peter |
| 26 | Clark, Nichole |
| 27 | Clarke, Emily |
| 28 | Cleveland, Donna |
| 29 | Conrad, Lori |
| 30 | Cuicio, Michelle |
| 31 | Cupples, Zachary |
| 32 | Custodio, Manuel |
| 33 | Dadios, Sherwin |
| 34 | Dante, Vincent |
| 35 | Dela Cruz, April |
| 36 | Delegan, Karen |
| 37 | DiClemente, Steven |
| 38 | Dizon, Lisa |
| 39 | Doornbos, Rae |
| 40 | Dorgan, Patrick |
| 41 | Doty, Amy |
| 42 | Duggal, Shiv |
| 43 | Earl, Tabia |
| 44 | Egas, Erin |

**Exhibit A - Illinois Class Members**

| No. | Name |
|-----|------|
| 45 | Eidel, Laura |
| 46 | Eyer, Nancy |
| 47 | Featherstone, Janel |
| 48 | Fine, Christine |
| 49 | Floresca, Maria |
| 50 | Fragale, Amy |
| 51 | Frakes, Julie |
| 52 | Gabrenas, Kristina |
| 53 | Garrison, Lyddia |
| 54 | Gaw, Lilac |
| 55 | Gayles, Keyona |
| 56 | Genslinger, McKenzi |
| 57 | Glueckert, April |
| 58 | Godambe, Radha |
| 59 | Goldman, Taresa |
| 60 | Griffin, Marivic |
| 61 | Griffin, Vivian |
| 62 | Grover, Deepak |
| 63 | Hadley, Sandra |
| 64 | Hanna, Caroline |
| 65 | Hill, Julie |
| 66 | Hill, Teresa |
| 67 | Hislop, Corvoisier |
| 68 | Hudson, Marie |
| 69 | Huenecke, Cathleen |
| 70 | Jackson, Sharice |
| 71 | Jahnke, Kimberly |
| 72 | Janik, Robert |
| 73 | John, Dale |
| 74 | Jones, Nikia |
| 75 | Jossart, Kimberly |
| 76 | Kaufman, Sandra |
| 77 | Kazmierowicz, Cathleen |
| 78 | Kibuuka, Ernest |
| 79 | Kim, Thomas |
| 80 | Kirchner, Lisa |
| 81 | Kolarik, Amanda |
| 82 | Kulp, Cheryl |
| 83 | Lagambina, Sandra |
| 84 | Lakinger, Stephanie |
| 85 | Lennington, Jennifer |
| 86 | Lepkowski, Dana |
| 87 | Liu, Ping |
| 88 | Lorenzetti, JoAnnette |

**Exhibit A - Illinois Class Members**

| No. | Name |
| --- | --- |
| 89 | Luchok, Vanessa |
| 90 | Luneckas, Ina |
| 91 | Lycan, Robyn |
| 92 | Macalindong, Jackie |
| 93 | Macias, Brandy |
| 94 | Mangram, Kimberly |
| 95 | Martinez, Adriana |
| 96 | Mayes, Dena |
| 97 | McHugh, Kathleen |
| 98 | McKay, Susan |
| 99 | Mcmakin, Claire |
| 100 | Melion, Sarah |
| 101 | Mizel, Debra |
| 102 | Moriarity, Christina |
| 103 | O'Brien, Mary |
| 104 | O'Connor, Kristine |
| 105 | Ohashi, Jennifer |
| 106 | Okehie, Laura |
| 107 | Okulaja, Rose |
| 108 | Osman, Jennifer |
| 109 | Pachica, Judy |
| 110 | Paik, Harry |
| 111 | Panatera, Pauline |
| 112 | Pates, Djedah |
| 113 | Perez, Liza |
| 114 | Pilate, Debra |
| 115 | Podrasky, Nancy |
| 116 | Pratscher, Kelly |
| 117 | Prazak, Janice |
| 118 | Pride, Kelly |
| 119 | Quiroga, Monina |
| 120 | Rana, Dipika |
| 121 | Ravji, Jasmine |
| 122 | Reaney-Fogarty, Kelli |
| 123 | Reynolds, Shirley |
| 124 | Rockwood, Michelle |
| 125 | Rusiana, Maria |
| 126 | Ryan, Karen |
| 127 | Rybicki, Mary |
| 128 | Saltzstein, Jennafer |
| 129 | Sanchez, Nancy |
| 130 | Scarpace, Pamilyn |
| 131 | Schoenike, Colleen |
| 132 | Schoenike, Danielle |

**Exhibit A - Illinois Class Members**

| No. | Name |
| --- | --- |
| 133 | Schroeder, Catherine |
| 134 | Shenoy, Swati |
| 135 | Shukla, Disha |
| 136 | Skopac, Heather |
| 137 | Solka, Mary |
| 138 | Sono, Harriet |
| 139 | Stednitz, Kathryn |
| 140 | Sterchele, Erika |
| 141 | Steven, Lynnette |
| 142 | Stevens, Shantelle |
| 143 | Sulek, Izabela |
| 144 | Sunbury, Riza |
| 145 | Sutphin, Karen |
| 146 | Szillage, Christopher |
| 147 | Szymanowski, Kathleen |
| 148 | Taylor, Felicia |
| 149 | Teichman, Diane |
| 150 | Teta, Regina |
| 151 | Thelen, Edward |
| 152 | Thompson, Lolita |
| 153 | Tolero, Kharen |
| 154 | Tomsons, Catherine |
| 155 | Tuazon, Carina |
| 156 | Umeadi, Mabel |
| 157 | Ventura, Marvin |
| 158 | Villamar, Rochell |
| 159 | Volpe, Michele |
| 160 | Wagner, Dorothy |
| 161 | Wehrli, Jaclyn |
| 162 | Wellner, Rebecca |
| 163 | Wiacek, Bridget |
| 164 | Williams, Sharon |
| 165 | Winkelmann, Julie |
| 166 | Wright, Elaine |
| 167 | Wyncott, Colleen |
| 168 | Yaegle, Sharaya |
| 169 | Zaras, Carry |

**Exhibit B - Opt-In Plaintiffs**

| No. | Last Name | First Name |
|---|---|---|
| 1 | Ang | Mitchelle |
| 2 | Ara | Sonila |
| 3 | Asghar | Ghulam |
| 4 | Ashford | Melanie |
| 5 | Asika | Esther |
| 6 | Baird | Kellie |
| 7 | Barowicz | Julia |
| 8 | Benge | Kimberlyn |
| 9 | Benrud | Joanne |
| 10 | Bitting | Jesse |
| 11 | Blake-Meshefski | Rheannon |
| 12 | Bodwin | Brenda |
| 13 | Brill | Diane |
| 14 | Broderick | Patricia |
| 15 | Brown | Monique |
| 16 | Brown | Natosha |
| 17 | Buttrey | Raymond |
| 18 | Byrd | Tencie |
| 19 | Caraballo | Jason |
| 20 | Cassar (prev. Lech) | Kathleen |
| 21 | Caulkins | Melissa |
| 22 | Clark | Vicki |
| 23 | Clark-Shavalier | Patricia |
| 24 | Curtiss | Tara |
| 25 | Danver | Kimberly |
| 26 | Delano | Elizabeth |
| 27 | Derecho | Rosette |
| 28 | Doria | Maria |
| 29 | Ebel | Kristi |
| 30 | Evans | Cynthia |
| 31 | Fisher | Nicole |
| 32 | Fowlkes | Rollin |
| 33 | Frenc | Florin |
| 34 | Fries | Erin |
| 35 | Genter | Karen |
| 36 | Gervais | Julia |
| 37 | Gordon | Treva |
| 38 | Graham | Tiffini |
| 39 | Guess | Angel |
| 40 | Hanson-Rodriguez | Laura |
| 41 | Harrison | Barbara |

**Exhibit B - Opt-In Plaintiffs**

| No. | Last Name | First Name |
|-----|-----------|------------|
| 42 | Heinzmann | Paul |
| 43 | Hurd | Rosalyn |
| 44 | Ivan | Wendy |
| 45 | Jezak | Mary |
| 46 | Johnson | Sandy |
| 47 | Kapadia | Fatema |
| 48 | Lafata | Mary Jean |
| 49 | Lantz-Watling | Angela |
| 50 | Lapidante | Julyn Emory G. |
| 51 | Maberry | Jacqueline |
| 52 | Magnino | Miki |
| 53 | Manon | Gina |
| 54 | Mayes | Jewel |
| 55 | McClendon | Natasha |
| 56 | McGarry | Susan |
| 57 | Milburn | Stacy |
| 58 | Miller | Tammy |
| 59 | Mulac | Rhonda |
| 60 | Mylnar-Augustine | Lenore |
| 61 | Nixon | Vickie |
| 62 | Oleynik | Pavel |
| 63 | Patel | Krishna |
| 64 | Pesendorfer | Jody |
| 65 | Peyerk | Jennifer |
| 66 | Porada | Trina |
| 67 | Ratcliff (prev. Taylor) | Gina |
| 68 | Ridsdale | Debra |
| 69 | Rivero | Denise |
| 70 | Roberts | Sharon |
| 71 | Roszczewski | Cortney |
| 72 | Salo | Elaine |
| 73 | Sawecki | David |
| 74 | Saxena | Amit |
| 75 | Schimanski (prev. Boros) | Tristin |
| 76 | Seely | Mary |
| 77 | Shall | Marilyn (Mary) |
| 78 | Sherrill (prev. King) | Karen |
| 79 | Sindall | Shelly |
| 80 | Smith (prev. Muller) | Mary |
| 81 | Smith-Ogden | Kathy |
| 82 | Straughen | Michel |

**Exhibit B - Opt-In Plaintiffs**

| No. | Last Name | First Name |
|-----|-----------|------------|
| 83 | Sullivan Swierad | Kelly |
| 84 | VanSlembrouck | Denise |
| 85 | Wells-Hardaway | Cora |
| 86 | Westrom | Melinda |
| 87 | White | Marilyn |
| 88 | Williams-Sheffy | Lori |
| 89 | Wilson | Emma |
| 90 | Wolf | Anna |
| 91 | Worton | Tanzylee |
| 92 | Wright | Bryan |
| 93 | Zinser | Elizabeth |

# Exhibit C

**NOTICE OF PROPOSED SETTLEMENT OF CLASS AND COLLECTIVE ACTION LAWSUIT**

*Fries, et al. v. Residential Home Health, LLC, et al.*
Case No. 1:16-cv-3727, United States District Court, Northern District of Illinois

_____

**If you were a Home Health Clinician employed by Residential Home Health,
you may be entitled to a payment from a class and collective action lawsuit settlement.**

**A federal court authorized this notice. This is not a solicitation from a lawyer.**

The Court in the above-referenced class and collective action lawsuit against Residential Home Health, LLC and Residential Home Health Illinois, LLC (collectively, "Residential Home Health") has preliminarily approved a proposed settlement. Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully. <u>**As explained in more detail below, to receive a payment from the settlement, no action is required by you.**</u>

| 1.    Why did I get this Notice? |
| --- |

Residential Home Health's records show that you worked for Residential Home Health as a Home Health Clinician (defined as registered nurses, occupational therapists, physical therapists, and speech pathologists) in Illinois between March 28, 2013 and May 3, 2015, were classified as exempt and were allegedly not paid overtime compensation for time worked in excess of forty (40) hours in given workweeks. As a result, you are a member of the class ("Class Member").

The Court ordered that you be sent this Notice because you have a right to know about a proposed settlement of a class and collective action lawsuit, and about all of your options, before the Court decides whether to grant final approval of the settlement. If the Court approves the settlement, payments will be mailed to Class Members who did not opt out of the settlement.

This Notice explains the lawsuit, the settlement, your legal rights, and what benefits are available to you.

| 2.    What is this lawsuit about? |
| --- |

This lawsuit is about whether Residential Home Health misclassified home health Clinicians as exempt from overtime pay requirements and deprived Clinicians of overtime pay due under state and federal wage and hour laws for the time they worked in excess of 40 hours per week. An employee filed this lawsuit as a class action under the Illinois Minimum Wage Law ("IMWL") and as a collective action under the Fair Labor Standards Act ("FLSA"). The person who filed the lawsuit is called the "Plaintiff." Residential Home Health is called the "Defendant." The Court overseeing this case is the United States District Court for the Northern District of Illinois.

Residential Home Health denies it did anything wrong and believes that it properly compensated its employees. The parties have entered into this settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense. The Court has not made any ruling on the merits of Plaintiff's claims or Residential Home Health's defenses.

| 3.    Why is there a settlement? |
| --- |

The Court did not decide in favor of Plaintiff or Residential Home Health. Both sides believe they would have prevailed in this case. There was no ruling in favor of either party. Instead, both sides agreed to a settlement to avoid the cost and uncertainty of a trial, and the people affected will get compensation. The Plaintiff and her attorneys think this settlement is best for all class and collective action members.

# WHO IS IN THE SETTLEMENT

| 4.    How do I know if I will be included in the settlement? |
| --- |

If you have received this Notice, you are automatically a Class Member. If the Court grants final approval of the settlement, you will automatically receive a settlement check if you have not opted out of the settlement (as explained in Section 11, below).

# THE SETTLEMENT BENEFITS – WHAT YOU MAY GET

### 5. What does the settlement provide?

The parties have agreed to settle the case on a classwide basis for a total of $750,000.00. If the Court grants final approval of the settlement, each Class Member will receive a proportionate share of the settlement fund after deducting payment for attorneys' fees and costs approved by the Court, any Court-approved Service Payment to Plaintiff, and the expenses of administering the settlement. Each Class Member's proportionate share of the settlement fund is based on the estimated number of overtime hours (hours worked over 40 in a workweek) worked during the class period, subject to a minimum payment amount of $150.00.

### 6. How much will my payment be?

Based on the formula that has been preliminarily approved by the Court and payroll records from Residential Home Health, you are estimated to receive the gross amount of approximately $[Amount]. Half of this payment amount is subject to deductions for applicable taxes and withholdings like any other paycheck, and for which you will receive an IRS Form W-2, and half of the payment amount will be reported on an IRS Form 1099. Neither Class Counsel nor Residential Home Health makes any representations concerning the tax consequences of this settlement or your participation in it, and you are advised to consult your own tax advisor if you have any questions regarding the tax treatment of any payments.

# HOW YOU GET A PAYMENT

### 7. How can I get my payment?

You do not need to do anything to receive the payment identified in Section 6. If you choose to opt-out of the settlement, then you will not receive a payment.

### 8. When will I get my payment?

The Court will hold a hearing on [date and time of Final Approval Hearing] to determine whether to approve the settlement. If the Court approves the settlement, there may be appeals. Resolving these appeals can take time. Please be patient. If and when the settlement is approved and appeals are exhausted, settlement checks will be mailed to Class Members. Settlement checks that are not cashed within 120 days will be null and void.

### 9. What am I giving up to get a payment and participate in the settlement?

Unless you opt out of the settlement, you will remain in the class action. This means that if the Court approves the settlement, you, on behalf of yourself and your heirs, representatives, successors, assigns, and attorneys release and forever discharge all applicable claims for unpaid wages, overtime or other compensation, fees/costs, liquidated damages, penalties, and all other relief under the IMWL and all other state and local wage/hour and wage payment laws and common law theories, except those causes of action that cannot be waived or released as a matter of law, arising on or before [date of entry of the Preliminary Approval Order] ("State Law Claims") against Defendants Residential Home Health, LLC and Residential Home Health Illinois, LLC, and their former and present officers, directors, employees, attorneys, insurers, benefit plans, predecessors, successors, parents, and subsidiaries (collectively, the "Released Parties").

In addition, when you cash, deposit, or otherwise negotiate your settlement check, you, on behalf of yourself and your heirs, representatives, successors, assigns, and attorneys release and forever discharge all applicable claims for unpaid wages, overtime or other compensation, fees/costs, liquidated damages, penalties, and all other relief under the FLSA arising on or before [date of entry of the Preliminary Approval Order] ("Federal Law Claims") against the Released Parties.

### 10. Am I protected from retaliation for participating in the settlement?

Yes. Residential Home Health understands and acknowledges that it has a legal obligation not to retaliate against any Class Member who elects to participate in the Settlement. You will not be subject to harassment, discrimination or retaliation for participating in the settlement or otherwise exercising your legal rights. To the extent that you believe that you are being retaliated against or otherwise treated improperly, you should report the matter to the attorneys for the Class Members.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to retain the right to sue or continue to sue Residential Home Health on your own about the legal issues in this case, then you must take steps to opt out. This is called excluding yourself—or is sometimes referred to as "opting out" of the class action settlement.

| 11. How do I opt out of the settlement? |
|---|

If you ask to be excluded, you will not receive any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in the lawsuit. You may also be able to sue (or continue to sue) Residential Home Health in the future about the legal issues in this case. If you wish to exclude yourself in order to file an individual lawsuit against Residential Home Health, you should speak to a lawyer as soon as possible because your claims are subject to statutes of limitations, which means that any claims that remain timely will expire on certain dates.

To opt out of the settlement, you must complete and submit the enclosed Election to Opt Out of Settlement and Class Action Form. You must return this form to the Settlement Administrator by first class U.S. mail or equivalent, postage paid, and it must be postmarked on or before [60 days from mailing of Notice].

| 12. If I don't opt out, can I sue Residential Home Health for the same thing later? |
|---|

As to all the State Law Claims, the answer is no. Unless you opt out of the settlement, you give up any rights to sue Residential Home Health for the State Law Claims asserted in this case, even if you do not later cash, deposit, or otherwise negotiate your settlement check. You only give up any rights to sue Residential Home Health for the Federal Law Claims when you cash, deposit, or otherwise negotiate your settlement check.

If you have a pending lawsuit against Residential Home Health, speak to your lawyer in that case immediately to see if the settlement will affect your other case. Remember, the exclusion deadline is [60 days from mailing of Notice].

| 13. If I opt out, can I get money from this settlement? |
|---|

No. If you opt out, you will not receive any money from this lawsuit. But you may sue, continue to sue, or be part of a different lawsuit against Residential Home Health regarding these same claims.

# THE LAWYERS REPRESENTING YOU

| 14. Do I have a lawyer in this case? |
|---|

The Court has decided that the lawyers at the law firm of Stephan Zouras, LLP are qualified to represent you and all Class Members. These lawyers are called "Class Counsel." You will not be charged for these lawyers. You do not need to retain your own attorney in order to participate as a Class Member. If you want to be represented by your own lawyer, you may hire one at your own expense.

Class Counsel are:
James B. Zouras
Teresa M. Becvar
Stephan Zouras, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
Tel: 312.233.1550
Fax: 312.233.1560
lawyers@stephanzouras.com
www.stephanzouras.com

The attorneys for Residential Home Health are:
Noah A Finkel,
Kyle A. Petersen
Kevin A. Fritz
Seyfarth Shaw LLP
233 S. Wacker Dr., Suite 8000
Chicago, Illinois 60606
Tel: 312.460.5000

| 15. How will the lawyers be paid? |
|---|

Class Counsel will ask the Court to approve payment of 38% of the settlement fund, or a grand total of no more than $285,000.00, for attorneys' fees and $25,000.00 for reimbursement of costs expended. These fees would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel will also ask the Court to approve payment of a maximum of $11,000.00 for the Settlement Administrator's costs of administering the settlement. The Court may award less than these amounts.

Class Counsel will also ask the Court to approve a payment of $10,000.00 to the Plaintiff who brought the lawsuit in recognition of her service and assistance to the Class Members.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

| **16.    How do I tell the Court that I disapprove of the settlement?** |
| --- |

If you have not opted out, but you disapprove of the settlement, you can object to it by filing a written objection with the Court. You may file a written objection by mailing a copy of your written objection to the Clerk's Office, United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, 60604. You also must mail a copy of your objection to the Settlement Administrator by first class U.S. mail or equivalent, postage paid. Your objection must be postmarked no later than [60 days from mailing of Notice]. All objections must be signed and include your address, telephone number, and the name and case number of the Lawsuit. The name and case number of the Lawsuit are *Fries, et al. v. Residential Home Health, LLC, et al.*, Case No. 16-cv-03727. Your objection should clearly explain why you object to the settlement and must state whether you or someone on your behalf intends to appear at the Final Approval Hearing. The Court will consider your views.

| **17.    What's the difference between objecting and opting out?** |
| --- |

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you do not opt out of the class action settlement. Opting out, by contrast, is telling the Court that you don't want to be a part of the class action and overall settlement. If you opt out, you have no basis to object because the case no longer affects you. If you submit both an objection and an opt out form, the Settlement Administrator will attempt to contact you to determine whether you intended to object or opt out. If the Settlement Administrator cannot reach you, it will be presumed that you intended to opt out, your objection will not be considered, and you will not be part of the settlement.

## THE COURT'S FINAL APPROVAL HEARING

| **18.    When and where will the Court decide whether to approve the settlement?** |
| --- |

The Court will hold a Final Approval Hearing on [date and time of Final Approval Hearing], at the United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, in Courtroom 1225.

The purpose of this hearing will be for the Court to determine whether the settlement is fair, adequate, and reasonable and should be finally approved by the Court. The Court will take into account any comments or objections from Class Members filed in accordance with required procedures explained in Section 16. Only Class Members who have requested to speak at the hearing in accordance with Section 16 will be permitted to do so.

| **19.    Do I have to come to the hearing?** |
| --- |

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you have not opted out and have filed and mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## GETTING MORE INFORMATION

| **20.    Are there more details about the settlement?** |
| --- |

This Notice summarizes the settlement. For more information, you may review the pleadings and other records in this lawsuit, including the detailed Settlement Agreement, at the Records Office of the Clerk of the United States District Court, located at 219 South Dearborn Street, Chicago, IL 60604.

Any questions regarding this Notice or the enclosed form should be directed to Class Counsel. If your address changes, or is different from the one on the envelope enclosing this Notice, please promptly notify Class Counsel.

## PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE

## SUMMARY

You have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **CASH THE SETTLEMENT CHECK** | If you do not opt out the settlement, a settlement check will automatically be sent to you if the settlement is approved by the Court and after any appeals. By cashing, depositing, or otherwise negotiating the check, you will release both the State Law Claims and Federal Law Claims. |
| **DO NOT CASH THE SETTLEMENT CHECK** | If you do not opt out of the settlement, a settlement check will automatically be sent to you if the settlement is approved by the Court and after any appeals. If you do not cash, deposit, or otherwise negotiate your settlement check, you will still release the State Law Claims, but not the Federal Law Claims. |
| **OPT OUT/ EXCLUDE YOURSELF** | Get no payment. Under this option, you may be able to bring your own lawsuit or be part of any other lawsuit against Residential Home Health for unpaid wages under state and/or federal law. If you choose to exclude yourself (*i.e.*, opt out), you must complete and return the Election to Opt Out of Settlement and Class Action form to the Settlement Administrator by first class U.S. mail or equivalent, postage paid, postmarked on or before [60 calendar days after the initial mailing of the Notice of Settlement]. <br><br> **<u>If you exclude yourself from the settlement, you will not be entitled to receive any payment from the settlement fund.</u>** |
| **OBJECT** | Write to the Court about why you disapprove of the settlement. If you opt out of the settlement, you may not object. If you object in writing, you may also ask to speak in Court about the fairness of the settlement. You may only appear in Court to speak about the fairness of the settlement if you file a timely written objection to the settlement and if you do not opt out of the settlement. Depending on how your objection or other Class Members' objections are resolved, you may still be bound by the settlement, or you may not receive a settlement payment. |

**ELECTION TO OPT OUT OF SETTLEMENT AND CLASS ACTION**

***Fries, et al. v. Residential Home Health, LLC, et al.***
Case No. 1:16-cv-3727, United States District Court, Northern District of Illinois

By filling out and signing this document, I state the following:

1. I have read the Notice of Proposed Settlement of Class and Collective Action Lawsuit ("Notice") and understand the claims alleged and the terms of the settlement of the above-referenced lawsuit. I am or believe I am a member of the class referred to in the Notice.

2. I request to opt out of or be excluded from the lawsuit and settlement.

3. By opting out, I understand that I have the right to pursue claims on my own against Residential Home Health, if any.

4. **By opting out, I understand that I will <u>not</u> receive the payment described in the Notice.**

5. Prior to signing this form, I had the opportunity to ask questions to the attorneys for the Class Members, whose address and phone number are set forth in the Notice. I understand that if I do not affirmatively opt out of the settlement in a timely manner, I will automatically be considered a member of the lawsuit and be bound by the settlement, including the release of claims as described in the Notice.

I declare, under penalty of perjury under the laws of the United States of America, that all of the information contained in this Opt-Out Form is true and correct.

_____
Signature

_____
Type or Print Name

_____
Dated (mm/dd/yyyy)

**MUST BE POSTMARKED ON OR BEFORE [60 days from mailing of Notice]**

THIS INFORMATION WILL ONLY BE USED FOR IDENTIFICATION PURPOSES.

| | |
|---|---|
| Name: | |
| Street Address: | |
| City, State, Zip Code: | |
| Daytime Telephone: | Evening Telephone: |
| E-mail Address: | |