THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIN FRIES, on behalf of herself, individually, and on behalf of all others similarly situated, ) ) ) ) | |
| **Plaintiff,** ) ) | Case No. 1:16-cv-03727 |
| v. ) ) | Hon. Judge Mary M. Rowland |
| RESIDENTIAL HOME HEALTH, LLC, and RESIDENTIAL HOME HEALTH ILLINOIS, LLC, ) ) ) ) | Magistrate Judge Sidney I. Schenkier |
| **Defendants.** ) ) ) | |

## **FINAL APPROVAL ORDER AND FINAL JUDGMENT**

On March 13, 2020, the Court heard the Parties' Joint Motion for Final Approval of Class and Collective Action Settlement. The Court has considered the Motion and other related materials submitted by the Parties, as well as the Parties' presentation at the hearing on final approval, and otherwise being fully informed on the premises, hereby finds and orders as follows:

1. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1331 and § 216(b) of the Fair Labor Standards Act ("FLSA") and has supplemental jurisdiction over Plaintiffs' Illinois Minimum Wage Law ("IMWL") claims pursuant to 28 U.S.C. § 1367(a), including jurisdiction over all members of the Settlement Class.

2. The Court finds that there is a bona fide legal dispute between the Parties as to whether Class Members were deprived of minimum and overtime wages due under the FLSA and IMWL.

3. The Court grants final approval of the settlement memorialized in the Joint Stipulation and Agreement to Settle Class Action Class and Collective Claims filed with the Court.

4. The Court finds that the settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that: (a) the Class Representative and Class Counsel have adequately represented the Settlement Class; (b) the settlement was reached pursuant to arm's-length negotiations between the Parties; (c) the relief provided for the Settlement Class is adequate, taking into account the strength of Plaintiffs' case on the merits weighed against Defendants' defenses, and the complexity, length, and expense of further litigation; and (d) the settlement treat the Settlement Class equitably relative to each other.

5. The Court approves the settlement as a final, fair, reasonable, adequate, and binding release of the claims of the Named Plaintiff, Opt-In Plaintiffs, and Class Members as provided in the Settlement Agreement.

6. The Notice of Proposed Settlement of Class and Collective Action Lawsuit and Election to Opt Out of Settlement and Class Action Form (collectively, "Settlement Notice"), sent to the Class Members via First Class mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the settlement was approved, their right to request exclusion from the settlement and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Settlement Notice also adequately informed the Class Members of the address to contact both Class Counsel and Defendants' Counsel. Thus, the Court finds that the Settlement Notice provided to the Class satisfied the requirements of Rule 23(c)(2)(B) and the FLSA.

7. This Court hereby dismisses the case in its entirety without prejudice, without awarding costs to the Parties except as provided in the Settlement Agreement, and approves the

settlement and releases set forth in the Settlement Agreement. This dismissal will convert to with prejudice without any further order of the Court on the date Defendants deposit the settlement funds into the Qualified Settlement Fund, which, under the Settlement Agreement, shall occur on or before seven (7) calendar days after the Effective Date of this Order.

IT IS SO ORDERED.

Dated: March 13, 2020

*Mary M Rowland*

The Honorable Mary M. Rowland
United States District Judge